Connolly, J.
The defendant, Sina Hor (“Hor”) stands indicted on three charges: distributing a controlled substance (001), possession of marijuana with intent (002), and a school zone violation (003). Hor now moves to suppress evidence seized without a warrant from his backpack at Lowell High School.
This court conducted an evidentiary hearing on Hor’s motion on July 8, 1999. Defendant submitted an affidavit in support of his motion. The court heard testimony from David R. Moorehouse, Headmaster of Lowell High School.
*337 Upon consideration of such testimony as the court finds credible, this court makes the following findings of fact, rulings of law and order on defendant’s motion to suppress evidence.
FINDINGS OF FACT
On October 30, 1997 at 12:10 PM, a teacher at Lowell High School came to the headmaster’s office accompanied by two students, Shelton Grant and Nicholas Zgonis. The teacher, Mr. Boyle, reported to Dr. Moorehouse, the school’s headmaster, that the two students were passing a package during class. Upon investigation of the package, Mr. Boyle believed the package to contain a substance that was marijuana.
Dr. Moorehouse spoke with the students, Zgonis and Grant separately. Zgonis denied that it was his and said that he knew nothing about the contraband in the package. When Dr. Moorehouse spoke with Grant, Grant admitted that he had asked Zgonis to obtain some marijuana and that he did so. Grant said that he had purchased the marijuana in school, and he identified defendant Sina Hor as the person from whom he had purchased it. Grant and Zgonis were placed in another office.
Hor was brought to Dr. Moorehouse’s office. Dr. Moorehouse and the defendant had a calm conversation, without raised voices. Hor denied selling the marijuana to Grant and Zgonis. Dr. Moorehouse searched Hor’s bookpack, and two bags of marijuana were found.
Lowell police detective Robert Caron was at the school that day investigating a fire that had occurred previously at the school. Detective Caron was informed of what had occurred with the two students, did not offer Dr. Moorehouse any suggestions, but told the headmaster to keep him informed. After Dr. Moore-house found the two bags of marijuana in Hor’s backpack, he notified Detective Caron who then placed Hor under arrest. The school handbook states that school officials are allowed to inspect bags and lockers.
RULINGS OF LAW
Hor claims that his rights under both the Fourth Amendment of the United States Constitution and Article 14 of the Declaration of Rights protecting him against unreasonable search and seizure were violated in the search of his bookpack. The defendant advances several arguments in support of this assertion. He contends that Dr. Moorehouse acted at the direction of the police, and that therefore, a higher standard of probable cause was required for the search. He further claims that the Aguilar and Sptnelli test for unidentified informant information must be satisfied in this case. The defendant’s arguments are flawed for several reasons.
First, a school official, when searching for drugs, guns or other contraband does not need a warrant according to Article 14 of the Declaration of Rights or the Fourth Amendment of the United States Constitution, unless the official is acting at the direction of the police. See Commonwealth v. Snyder, 413 Mass. 521, 529 (1992). Here, the headmaster of the school was not acting at the direction of the police. The two students were originally brought to the headmaster’s office by a teacher because they were passing a bag containing a substance that the teacher suspected was marijuana. One of the students who was brought to the office, Grant, admitted that the marijuana was obtained from the defendant. It was only at that point that Dr. Moorehouse told Detective Caron about the situation, and I find Dr. Moorehouse’s statement that he did not receive any suggestions from Detective Caron at that time credible. The mere knowledge by a police officer that a private individual may conduct a search is insufficient to attribute police involvement if the officer did not direct or encourage the search. See Commonwealth v. Richmond, 379 Mass. 557, 561 (1980). Even if the detective knew that Dr. Moorehouse might question or search Hor’s bookpack, none of the credible evidence suggests that Detective Caron directed the search. Finally, it was only after Dr. Moorehouse had found the marijuana in Hor’s bookpack, that he contacted the detective to assist with the situation; the detective responded by arresting the defendant. I conclude that Dr. Moorehouse’s search of the defendant’s bookpack was not at the direction of the police, and therefore no warrant was necessary under the Fourth Amendment or art. 14 of the Declaration of Rights.
Fourth Amendment
Analysis of the warrantless search under the Fourth Amendment requires consideration of “the reasonableness, under all the circumstances, of the search.” New Jersey v. T.L.O., 469 U.S. 325, 341 (1984). Reasonableness is determined by a two-part inquiry: “first, one must consider whether the action was justified at its inception; second, one must determine whether the search as actually conducted was reasonably related in scope to the circumstances which justified the interference in the first place." Id. at 341 (internal citation and quotations omitted).
As for the first prong, a search of a student by a school official is “justified at its inception where there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school.” Id. at 342 (internal quotations omitted).
In this case, the headmaster was informed that the defendant was engaged in the sale of drugs directly from a student who himself possessed marijuana.[1] Here, Dr. Moorehouse clearly had reason to believe that a search of Hor’s bookpack would reveal evidence of illegal conduct, based upon the statement made by Grant implicating the defendant as the seller. Thus, the first prong of the test is satisfied.
With regard to the second prong, scope of the search, a search is considered constitutionally permissible when “the measures adopted are reasonably related to the objectives of the search and are not excessively *338 intrusive in light of the age and sex of the student and the nature of the infraction.” T.L.O., 469 U.S. at 342. In New Jersey v. T.L.O., the United States Supreme Court found that a search of a pocketbook belonging to a female high school student suspected of smoking was justified where the school official found cigarettes and cigarette rolling papers, and upon a further inspection uncovered some marijuana, a pipe, plastic bags, money, and an index card and letters that implicated the defendant in dealing marijuana in the purse. Id. at 346-47. In that case the student was brought to the vice principal’s office by a teacher, whereupon the student denied smoking in the bathroom, and further denied that she ever smoked at all. The Court concluded that the scope of the search of the fourteen-year-old female student’s purse was reasonable in light of the suspicion that the student was carrying cigarettes, and that the extended search after the cigarettes and rolling papers were found, which uncovered evidence that defendant sold marijuana was also constitutionally permissible. See id. at 347.
In the case at hand, Dr. Moorehouse had the following facts to support the search of the defendant’s bookpack; the information of one student that he had bought marijuana that was in his possession from the defendant; that the defendant was then suspected of violating school rules and moreover of illegal conduct; that the defendant had denied selling marijuana; and that the school handbook advised students that school officials could inspect bags and lockers. In comparison with the facts of New Jersey v. T.L.O., where the vice principal searched a fourteen-year-old female student’s purse because she was suspected of violating a school prohibition on smoking, Dr. Moorehouse’s search of a male high school student’s bookpack who is under suspicion of selling drugs in the school was completely reasonable. There was no Fourth Amendment violation under these facts.
Article 14 of the Declaration of Rights
Whether art. 14 of the Massachusetts Declaration of Rights requires a more strict standard of “reasonableness” than the Fourth Amendment has not been explicitly determined by the Supreme Judicial Court. See Commonwealth v. Snyder, 413 Mass. 521, 529 (1992). As explained supra, there was certainly a basis of reasonable suspicion in this case for the headmaster to conduct a search of the defendant’s backpack. Moreover, in consideration of the Supreme Judicial Court’s ruling in Commonwealth v. Snyder, 413 Mass. 521 (1992), this court can clearly conclude that the search passed muster under art. 14 of the Declaration of Rights as well as the Fourth Amendment.
In Snyder, school officials searched the locker belonging to the defendant, a high school student, upon information from a reliable faculty member that the defendant had approached another student and asked him if he wanted to buy some marijuana. The student had told the faculty member that the defendant had showed the student three bags of marijuana and then put them in his book bag. Not wanting to “arouse suspicion,” the school officials used the combination to open the defendant’s locker in which they found the book bag and the three bags containing marijuana. School officials then confronted the defendant. Without deciding whether art. 14 required more than a reasonable suspicion, the Supreme Judicial Court determined that the search was justified because there was probable cause “(1) to believe that marijuana was in Snyder’s book bag and (2) to search the defendant and his locker because the book bag was probably either in the locker or with the defendant.” Snyder, 413 Mass. at 530.
Similar to Snyder, in this case, “(w]e are not dealing here with an anonymous informant but rather with a known student who reported that he or she was an eyewitness to a crime.” The defendant intimates in his motion that since Grant himself was caught possessing marijuana, Grant was unreliable as the source of information. Just because the student providing the information was engaged in bad conduct does not mean that the information that they provide is not reliable. See State v. Joseph T., 336 S.E.2d 728, 737 (W.Va. 1985) (assistant principal had reasonable grounds to search defendant’s locker where fellow student smelled of alcohol and admitted drinking beer at defendant’s house earlier that morning) (cited by the Supreme Judicial Court in Commonwealth v. Carey, 407 Mass. 528, 536 (1990)). Obviously, Grant was not merely repeating a rumor that Hor sold marijuana — his claim about Hor was substantiated by the marijuana in his actual possession.
Like the circumstances in the Snyder case, “[P]rompt action was needed to reduce the chance of further sales and removal of the marijuana from the school.” Snyder, 413 Mass. at 530. Here, school officials acted appropriately in searching the bookpack of someone reasonably suspected of selling drugs at school.[2] There was no art. 14 violation.
ORDER
It is hereby ORDERED that defendant’s motion to suppress evidence seized on October 30, 1997 be DENIED.

 According to the Supreme Judicial Court, “[a] student’s direct statement to a person in authority, indicating personal knowledge of facts which establish that another student is engaging in illegal conduct, may provide school authorities reasonable grounds to search the second student’s locker.” Commonwealth v. Carey, 407 Mass. 528, 534 (1990) (internal quotations and citation omitted). While the search in this case was not of a locker as in Carey, but of a bookpack, the principle regarding a student’s direct statement to a school official is apropos. The scope of the search is addressed infra.

 The need to act promptly would also provide a justification for proceeding without a warrant due to the possibility that the drugs would be removed from the school or sold before a warrant could issue, providing exigent circumstances for doing so. See Commonwealth v. Snyder, 413 Mass. 521, 528, n. 6 (1992).